## WEBB v. PARKS.

(Supreme Court, Appellate Division, Third Department. June 30, 1903.)

1. LANDLORD AND TENANT—OCCUPANCY AFTER EXPIRATION OF TERM.

Plaintiff and another were tenants in common of a butter-tub factory. Defendant and a copartner were engaged in the manufacture and sale of butter tubs. The husband of the copartner, representing his wife in the firm, rented from plaintiff's co-tenant his interest in the factory, and defendant rented from plaintiff his interest therein for the year 1900. Thereupon the firm proceeded during the year to manufacture tubs. The husband of the copartner occupied the premises the following year, representing his wife's interest in the partnership. It was ap-parently the same occupancy as that which existed under the lease. *Held*, that the husband's occupancy ·in the conduct of the partnership business was the occupancy of his wife and defendant as partners.

Appeal from Trial Term, Franklin County.

Action by Jacob W. Webb against Nelson M. Parks. From a judgment dismissing the complaint as on a nonsuit, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHES-TER, and HOUGHTON, JJ.

Charles A. Burke, for appellant.
Saunders & Saunders, for respondent.

SMITH, J. The plaintiff and one W. E. Seaver were the owners as tenants in common of certain property upon which was a butter-tub factory. Prior to 1900 the defendant and one Mrs. Bliss were co-partners in the manufacture and sale of butter tubs, doing business un-der the name of Bliss & Parks. At that time J. E. Bliss, representing Mrs. Bliss, of said firm, rented from W. E. Seaver his undivided half interest in said factory, and the defendant, Parks, rented from the plaintiff his undivided half interest for the year 1900. Thereupon the firm of Bliss & Parks proceeded during the year 1900 to manu-

facture tubs as a part of the firm business. Prior to December 31, 1900, at which time the said lease was to expire, plaintiff wrote to the defendant a letter in response to a letter from the defendant, saying he could have his interest in the premises another year for the sum of $115, payable in advance, or $125 payable at the end of the year. To this letter no response was made by the defendant. Plaintiff claims, however, that the defendant continued to occupy the premises after the expiration of his lease for 1900, and thereby became liable for the rent under the terms as stated in his letter. This case was tried in the justice's court, where the plaintiff recovered judgment for $90. It was appealed to the county court for a new trial, and upon that trial the county judge directed a nonsuit against the plaintiff upon the ground, as stated by him, that there was no proof of any occupancy by the defendant during the year 1901.

In this ruling, we think, the learned county judge was in error. Certain evidence tending to show the occupancy in 1901 by J. E. Bliss in behalf of the partnership was rejected by the county court as not pleaded. Enough appears in the case, however, to show that J. E. Bliss occupied the premises in 1901, representing his wife's interest in the partnership. His acts, therefore, in the partnership business, were, as matter of law, acts done in behalf of both partners, and his occupancy in the conduct of the partnership business was the occupancy both of his wife, whom he represented, and of his wife's partner, this defendant. It was apparently the same occupancy as that which existed in 1900, which was not surrendered in any way by this defendant at the expiration of the lease for the year 1900. I am unable to see how there could be a surrender of the premises at the expiration of the year 1900 without an abandonment by the partnership. In any event, one of the partners could not thereafter hold the occupancy for the same purpose for which it was held in 1900, and claim therefrom an abandonment of the occupancy of the other partner under a lease of an undivided interest. The judgment of the county court must, therefore, be reversed, and a new trial granted.

Judgment reversed, and new trial granted, with costs to appellant to abide event. All concur.